Good morning. I'd like to reserve one minute for rebuttal, please. The issue in this appeal is whether all individuals convicted of crack cocaine offenses prior to 2010 are eligible to be considered for discretionary relief under the First Step Act. The answer to that question is yes, from a plain reading of the text of the relevant portion of the First Step Act. The First Step Act provides a definition for the term cover defense. That term means a violation of a federal criminal statute, the statutory penalties for which were modified by the Fair Sentencing Act of 2010. So you first identify the federal criminal statute under which someone was convicted. That statute in a case such as this is Section 841A1, distribution or possession with intent to distribute of drugs. Then you look at the statutory penalties for that offense. The statutory penalties are provided by Section 841B1. In the case of crack cocaine offenses, the entire 841B1 statutory penalties provision was modified by the Fair Sentencing Act. Congress passed the statute to reduce crack cocaine, powder cocaine disparities in their entirety. And so Congress changed that entire statute by changing the threshold at which mandatory minimum penalties are provided. If there was no mandatory minimum, what's the basis for saying that when they made the change, they intended to affect those sentences which did not have a mandatory minimum, which is the case here? There are several reasons, Your Honor. First is that Congress intended to reduce powder cocaine and crack cocaine disparities in sentencing. So if somebody has two grams of crack cocaine, say, before that was like two-fifths of the mandatory minimum. Now it's a much smaller fraction of that. So Congress intended to reduce that disparity. The second is if you just look at the penalty provision by changing the threshold, the entire statute has been changed. There's nothing here that says only look and see where the issue is. Have the statutory penalties been changed? The penalties, if you look at the numbers, they were 0 to 20 before, 0 to 20 after. They were 5 to 40 before, 5 to 40 after. They were 10 to life before, 10 to life after. So in that sense, the penalties haven't changed. What has changed is the entire penalty provision has been changed by a change in the thresholds. But if there was no mandatory minimum to begin with, what is the basis for saying that when they were obviously trying to change mandatory sentences that they intended to change non-mandatory sentences? I respectfully disagree with the premise of the question that they intended to change And so they modified the statute by changing the threshold for mandatory minimums. But the objective was to reduce all disparity by reducing penalties for everyone. That's certainly the way that the Sentencing Commission understood the Fair Sentencing Act, where they went back and changed the guidelines, not just for mandatory amounts, but for all the individuals. But why do you keep talking about intent? I thought your argument was textual. I intended to say Well, why don't you go back to the text? I'll do that, Your Honor. What's your best argument?  means a violation of a federal criminal statute, the statutory penalties for which were modified. So you ask, what does the statutory penalties refer back to? Does it refer back to the federal criminal statute, or does it refer back to a particular violation? And several courts of appeals have held that statutory penalties modifies federal criminal statute. So what's the federal criminal statute here? It's drug distribution. Have the statutory penalties been modified for drug distribution? Yes, in the case of crack cocaine offenses. So how would your argument apply if the controlled substance here were heroin? If the controlled substance were heroin I think under your analysis there would be a violation of A1. That's correct, but the statutory penalties for heroin were not modified by the Fair Sentencing Act. It's only crack cocaine penalties that were modified by changing the thresholds for crack cocaine mandatory minimums. Heroin penalties were unchanged by the Fair Sentencing Act. So it seems to me you need to look at, you need to look at B. You're not arguing that A is the violation, A1, and the penalties for A1 changed, affected some drugs, didn't affect others, but all we need to know is the penalties changed. You're not making that argument. The argument I'm making is there's two phrases here. Federal criminal statute, that's A1. The statutory penalties for which were modified, you look to see where B1 has been modified because B1 is what provides the statutory penalties. The government basically says the Lane case, but that's an anachronistic argument because a Lane wasn't decided by the Supreme Court until years after the Fair Sentencing Act was passed. But aren't you, you're sliding a little bit into the government's argument when you tell us that to determine whether the penalties for A have changed we need to know what drug it is. That is correct. Well, that's getting close to the government saying, and yes, to determine whether there's a violation of A for which the penalties have changed, we need to know what the amount was. You need to know whatever Say here with this amount, the penalties didn't change just like with heroin, the penalties didn't change. So you're getting close to their argument. I think the argument is distinguishable because you have to look at what statutory penalties were changed by the Fair Sentencing Act. The penalties were changed for all crack cocaine weights, not for certain crack cocaine weights. That's, I think, the distinction. The penalty wasn't changed for this weight. The penalty was changed for crack cocaine offenses. I think that when you ask the penalty was not changed for this weight, you're asking, but the penalty wasn't changed for this violation. But the argument is you shouldn't look at the particular violation. You should look at the statutory penalties. The other term that's key here is Congress used the term modified. There's no need here for some sort of drastic change. The question is simply, has there been any sort of modification? Even a minor change counts as a modification. And surely changing the tiers in order to reduce crack cocaine sentences for everyone is a modification. And there's nothing here that suggests that Congress wanted to take the least culpable offenders and exclude only them from the relief that it provided. Thank you. Good morning. Seth Aframe for the United States. May it please the Court. The operative provision here is 841B1C. And there was no change made to that provision by the Fair Sentencing Act of 2010. The text of that statute changed the thresholds for B1A and B1B. B1C is the catch-all provision. It doesn't even require proof that it's crack cocaine. It just requires a controlled substance of an indeterminate amount is punishable by 0 to 20 years. That was the law before the Fair Sentencing Act. That was the law today. So there's been absolutely no change worked in this case by the Fair Sentencing Act. I think what the defendant is saying is that if you were at... more people can fall into the indiscriminate category, into the indeterminate category than could before, because they could have been charged under B1B or B1A. But that doesn't change the penalties. The bottom line is someone... So weren't the quantities as to which C applied changed? I would say they were not. There's no quantity for C. You can have 50 kilograms of crack cocaine. If the government doesn't charge you with 50 kilograms of crack cocaine... You're making this charge specific, but the text of the statute doesn't seem to me to permit that reading. I would say this is somewhat of a federal criminal statute. As I understand Elaine, what I understand that to mean is offense. An offense. And an offense has elements. And so as we say in the categorical approach all the time, statutes contain multiple crimes. Well, those one statute or several statutes. I don't know that there's been a clear answer on that, but I think the better way to think about it is each offense is its own statute. B1C after Elaine is its own statute, its own offense. And the First Step Act talks about an offense. Your brother makes the argument that there was a modification to C. It was by the weight range. It may not have been by the substance. Earlier it applied to weights up to 5 grams, and now it applies to weights up to 28 grams. I think that's incorrect in the following way. I think it was always for an indeterminate amount. An uncharged amount, an unknown amount, an unspecified amount. You can use any of those terms. That was always what C applied to. It applied to it back then. What is he referring to then when he says it moved from 5 to 28? He's saying that to be in the B range, if you were at 6 grams back then, it could have been charged and sentenced as a B case, and now it can't be. But that doesn't change the penalties for C. It's nonetheless a modification of the entire scheme. So that's where I disagree. I think that it remains the case that indeterminate amounts of crack cocaine, indeterminate amounts of controlled substances, you need to prove it's crack cocaine. Okay, your brother answered a question put to him by Judge Kayada about would it matter if it was heroin. And he said yes, it would matter. From your point of view, I take it it doesn't matter. No, under the C section, the C section says if you are committing any of the Actus Reus actions in A1, for any controlled substance under Schedule 1 or 2, you are subject to be sentenced 0 to 20 years. We don't have to prove that it's heroin, fentanyl, crack. We just have to prove it's a controlled substance under Schedule 1 or 2, and then you're subject to 0 to 20 years. That was always the law before the Fair Sentencing Act, after the Fair Sentencing Act. No change was made to the Fair Sentencing Act. If you go to the text of the Fair Sentencing Act in Section 2, it talks about B1A and B1B. It doesn't say a thing about B1C because it's always been the same. But the greatest challenge here is the text of the statute because A says unlawful acts. So once you've proved possession with intent to distribute a controlled substance, you've got a violation of the statute. You have a violation of this. Well, I guess it depends. Yes, you have a violation of B1A. You have a violation of 841A1, which is not a completed. That gets you into C. It doesn't get you into B. It doesn't get you into the other penalty provisions. Sure, we don't know what the penalty is yet. But we have a violation. We have what Congress has defined to be an unlawful act. That's true. And that's a violation. Now I want to know, okay, I've got a violation. What are the penalties for that violation? And Congress then has a clause entitled penalties. So I look at that and I see, oh, this penalty section is different now. So I'm going to be applying a modified version of the penalties section. It actually doesn't affect this case, but it affects other cases. But the penalties for that violation have been changed, and nothing in the statute says that the Fair Sentencing Act only applies if the change in penalties happen to make a difference in any particular case. Rather, it seems it leaves it to the judge, who doesn't have to change the sentence at all, to consider that. Or I don't agree with, I mean, I follow most of that to the end. And I don't agree with it to say that there's been any change to who is in the C category. The C category applies to everyone who has an indeterminate amount of drugs. Well, look at the practical ramifications of your position. Because the Fair Sentencing Act was passed eight years after the Anti-Drug Abuse Act. And we've got an eight-year gap here. So, if the whole purpose was just to protect people who'd been hung up on a minimum that should have got a shorter sentence, then it did almost nothing for all those who got the five-year minimum sentence, because the five years had already run. So, and it would actually not do much for the ten years, except for those people who happened just to have been convicted. Well, there's an assumption built in that they got the minimums. I mean, we don't know that. Well, but if they didn't get the minimum, then the minimum wasn't hurting them. In other words, the whole premise of this act was that someone did something, they really should only get two years, but there's a statutory minimum, so they got five. That analysis doesn't apply to someone who got eight years. That would be a very weird way, because with respect, that would be a very weird way to write this statute, to say that the penalties are the same, zero to 20. And the way we're going to do this is to find something as a covered offense by referring back to a prior action that talks about B1B and B1A, but our real purpose is to let all crack cocaine cases be resentenced. It would be a very easy way to say that. Everyone convicted under 841A1 for having done any of the acts regarding crack cocaine shall be resentenced. It would have been a very straightforward way to do that. Instead... Let me ask you this. Suppose the penalties had been increased. Well, that's... yes. All right. The statute would still apply, wouldn't it? Because they've been modified. Sorry, say the statute was... Sure. Suppose the penalty section, instead of going down, had gone up. Okay. Wouldn't they have been modified? But B1A and B1B, if the numbers went up, they would be modified, but C wouldn't be modified. No, but the penalties for the unlawful act in A would have been modified, and the statute would apply. Now, maybe a judge would therefore say, well, they've gone up, I'm not going to lower your sentence. But Congress used the word modified. So I'm not following your argument. I guess what I'm saying is Congress modified two sections of the statute and two sections of 841A. Sure, they modified some of the penalties for A, is what you're saying. Well, I don't think they're one crime. They're separate crimes. That's not the issue. The issue is, is there a violation of a statute when you possess one grant? I think the question is whether there's been a modification of a federal criminal statute. The modification is of B1A and B1B. B1C is a separate criminal offense. I believe you're correct that if we accept your brother's argument, then all 841A1 cases are subject to resentencing, and that's a huge category of cases. Assuming that the logic of the argument leads us to that conclusion, are there any limiting principles that the government offers other than the argument you've made? Are there any limiting principles on who gets resentenced? Well, no, I think they're open to that. They all have to go back for consideration for resentencing. The judge does not have to do that, as Judge Crowder points out. They do not have to grant relief. That would be case by case. Well, what do they have to do? Do they have to have a hearing? Do they have to show they've considered it? Or can they just say, no, I don't think for this whole category, I, as a judge exercising my discretion, want to hear these cases. I think the argument will be, if this is where the court goes, the next fight will be, well, is plenary resentencing required? Does the judge have to give thoughtful consideration of the 3553A factors? I'm sure we'll be trying to find limiting principles. I would note that the case law is decidedly against this position that's been decided so far. That's not so clear. Suppose the judge, as in this case, says, look, this guy's got a long criminal record. I'm not interested in having a hearing on resentencing. And then it comes back up to us. Is that error? I think we would say, no, it's not error. I think the other side would say it is error. There is a dispute in the law right now about once you're through the door, what do you get? There is a dispute about that, and we would take a more limited view of that. There is a dispute? I think the defense bar argues that once you're eligible, you would be entitled to a plenary resentencing. We would say that it's more limited than that, that you just make the change  Okay, suppose there are several offenses and it's sentences that are added to each other. The government's position would be only the drug offense is eligible for resentencing. Well, then we'd have the sentencing package argument, I suppose, and we would say that, no, the judge gave this whole sentence. I guess we would say the crack piece had nothing to do with this. The sentence was the mandatory minimum, which is what the change was, had nothing to do with it, because there could be arguments made to say that it's a limited kind of relief, but we'll be fighting about that. There's no question in these cases where I continue to say there's been no change in the law. Has anybody gone as far as requiring all of these cases to be heard? So I say a lot of cases in my brief that said no to that. There are two in the reply brief of district court opinions that are unpublished, and there isn't even a Westlaw site to them. But there's no circuit opinion. No, and there is actually another unpublished from the 11th Circuit decided in January of 2020 that went the way that the government is going. It's only going to be sentences that are 10 years or more in length, just because of the passage of time. I mean, I suppose that that's... So all the small ones we're not talking about. No, these are ones sentenced under B1C that happened to get long sentences, and that could very well happen because of a career offender. I mean, that could definitely happen where people got very long sentences, even though their guideline range or their crack sentence... Right, but it's not all the others. The passage of time has wiped out any need to reconsider. People who got one or two years, yes. Well, anything under 10? Anything between 8 and 10, I suppose. I mean, 2010 was the Fair Sentencing Act, so yes. And this was passed in 2018. Yes. But all the cases that are cited in the government's brief are cases where people were convicted under B1C for whatever reason got a long sentence, frequently career offender, and they're saying, I should be resentenced. And they want the new guidelines, too. Right, they want benefits they can't get under BACLS, which is ultimately what this case is actually about. This defendant got a really long sentence because he's a career offender for burglaries. He's not a career offender now, but he doesn't get the benefit of any of that because of BACLS and because the changes to the career offender guideline are not retroactive. So what brings him here today really is displeasure with that. And he's trying to get in to be resentenced through the B1C, which raises Judge Lynch's question. Well, does he get the benefits of all those other things? And that, I'm sure, if this court decides he gets through the door, will be the next fight. I thought there were two circuit decisions that went against your position. One is a Tenth Circuit unpublished U.S. v. Martinez. Those go with the government. With? Martinez goes with the government. Footnote one does not seem to. As I understood, Martinez, it said B1C is not entitled to eligibility under the First Step Act. Okay. The Fourth Circuit said the same. The other case was U.S. v. Jackson from the Fifth Circuit. That, I'm not aware of that. And I would point the court to, you know, File 28. December 2019. I'll give you the site. Sure. 945F315. Okay. And I will file a 28-J letter, but I would refer the court to Foley. 220 Westlaw 104-349, Eleventh Circuit, January 9, 2020. Okay. Thank you. Thank you. I'd appreciate it if each of you could file 28-Js updating us as to the case law. Thank you. Okay. Three quick points. One, the key consideration here, as the panel has noted, is that this is only about eligibility. Congress wanted to address racial disparities in crack cocaine sentencing by reducing the disparity. The Fair Sentencing Act just says, Judge, take another look at this individual. The judge in his discretion or her discretion can grant no relief. This is just about getting your foot in for eligibility. And as the court noted, a long time has passed, so we're really talking about a small category of individuals who, despite not having a mandatory sentence, got a lengthy sentence. The second point is that Section C specifically refers to Sections A and B, because it says except as provided in Sections A and B. So a change in A and B is a change in C. Finally, the government says the operative provision is 841B1C. That's just the conclusion they want. The phrase operative provision does not appear in the statute. Thank you. Thank you, both.